NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0427n.06

Case No. 20-6057

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Sep 10, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GERALD PIERCE and KATHLEEN PIERCE, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| v. | ) ) | |
| OCWEN LOAN SERVICING, LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE: SILER, MOORE, and THAPAR, Circuit Judges.

**SILER, Circuit Judge.** Gerald and Kathleen Pierce (the Pierces), plaintiffs, appeal the grant of summary judgment to Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, defendants. The Pierces claim that the district court erred by holding that the affidavit and arguments presented in opposition to the motion for summary judgment were not sufficient to establish the existence of a genuine issue of material fact.

The affidavit presented by the Pierces is unsupported and conclusory. The Pierces claim that defendants wrongfully increased their monthly payments and then wrongfully refused the Pierces' payments is contradicted by all documentary evidence. The evidence shows that the loan, as amended, allows for increases in escrow payments in order to cover corresponding increases in

property taxes and insurance premiums. The record also shows that the loan allows for rejection of partial payments that fail to bring the loan current. Defendants merely increased payments on the escrow portion of the Pierces' monthly payments and the Pierces subsequently failed to pay sufficient monthly payments to bring the loan current as required. We AFFIRM.

I.

In 2004, the Pierces executed a promissory note in favor of Accredited Home Lenders, Inc., a California Corporation (Lender), in the amount of $171,087.00 (Note). On the same day, the Pierces executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc., acting as nominee for Lender, its successors, and assigns to secure the real property involved. The Deed of Trust provides in part that "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the [l]oan current."

The Pierces entered into a Mediation Settlement Agreement (MSA) in 2014, to settle *Pierce v. Ocwen Loan Servicing, LLC* (docket number 2:13-cv-02491) then pending in district court. The MSA indicates that the escrow portion of the Pierces' monthly payment is subject to adjustment and leaves in place the terms of the Deed of Trust insofar as it allows Lender to increase escrow charges to account for projected increases in the Pierces' real property taxes and hazard insurance charges. The principal and interest portion of the Pierces' monthly payment is fixed and remained so following the execution of the MSA. There has been no subsequent modification of these terms since the MSA, which included a settlement agreement.

The Pierces were notified and aware that a portion of their monthly payment was allocated toward escrow for payment of real property taxes and hazard insurance. Defendants rejected and returned the Pierces' loan payments that failed to bring the loan current, reinstating the full amount owed. The Pierces' monthly charges increased due to increases in their escrow payments. The

Pierces' loan was due for the July 1, 2018, payment and all subsequent payments. The Pierces were therefore in default and the bank initiated foreclosure proceedings.

In 2019, the Pierces filed a complaint in the Chancery Court for Shelby County, Tennessee against defendants, subsequently removed to federal court. When the defendants moved for summary judgment, the Pierces admitted that their loan charges were subject to changes for increases in escrow but claimed that "there were not changes to taxes and insurance owed on the property which justified an adjustment of the escrow amount in the amount requested." Defendants replied that the Pierces failed to raise a genuine dispute of material fact because the Pierces' assertions were conclusory and contradicted all documentary evidence of increases in both taxes and insurance premiums. The district court agreed and granted defendants' motion for summary judgment, finding no genuine dispute of material fact existed.

## II.

We review the granting of summary judgment de novo. *Fisher v. Nissan North America, Inc.*, 951 F.3d 409, 416 (6th Cir. 2020). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

## A.

To make a claim for breach of contract under Tennessee law, a plaintiff must show: (1) the existence of a valid and enforceable contract; (2) deficiency in performance amounting to breach of the contract; and (3) damages caused by the breach of the contract. *Federal Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011).

The terms of both the Settlement Agreement and the MSA inform the Pierces that escrow charges may be subject to increases. The Pierces claimed in district court that defendants "attempted to unilaterally modify the Agreement by changing the amount of payments and refusing other payments." The Pierces' payments, however, increased due only to increases in escrow that the Pierces have failed to show were improper, and, therefore, their claims lack factual and legal support.

Conclusory allegations, unsupported by specific evidence, cannot establish factual dispute sufficient to defeat a motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see* Fed. R. Civ. P. 56(e); *O'Donnell v. City of Cleveland*, 838 F.3d 718, 724 (6th Cir. 2016). In an unpublished opinion, we similarly dismissed a borrower's breach of contract claim based on unsupported, conclusory allegations that mortgagees improperly increased an escrow account for borrower's residential loan. *Taylor v. JPMorgan Chase Bank, N.A.*, No 19-5044, 2019 WL 7596923, at *2 (6th Cir. 2019). We affirmed summary judgment in *Taylor*, stating the borrower presented:

> [N]othing below . . . [or] here showing that there is a genuine dispute that the bank somehow breached its obligations . . . when it applied escrow funds to pay the premiums for the insurance policy.

*Id.* A conclusory affidavit "which conflicts with all of the documentary evidence" does not create a genuine dispute of material fact whether a defendant overcharged a plaintiff. *G.D. Deal Holdings, LLC v. Baker Energy, Inc.*, 291 F. App'x 690, 696 (6th Cir. 2008).

The Pierces offered only Mr. Pierce's unsupported, conclusory affidavit, and all the documentary evidence contradicts its claims. The affidavit does not identify specific discrepancies between the amounts of escrow items due and the escrow charged. Mr. Pierce does not state any facts to support that the escrow charges were improper. The district court highlighted that the

affidavit did not "prove, or even assert, that the taxes and premiums did not increase from 2016 to 2019." All the documentary evidence – which demonstrates regular increases in real property taxes and hazard insurance charges – conflicts with Mr. Pierce's affidavit. No returns of excess disbursements are apparent in the payment history, suggesting that the charges did not exceed the amounts owed for insurance and tax payments for the property. All evidence of payments made by the Pierces show that payments were insufficient for the full monthly payment and insufficient to bring the loan current. Therefore, the Pierces have not "tendered the appropriate payments," as claimed in the affidavit but instead failed to perform pursuant to the current terms of the loan.

## B.

The Pierces suggest that the district court erred in disregarding Mr. Pierce's affidavit because defendants never moved to strike it. However, a movant is not required to move to strike an affidavit in further support of its summary judgment. Fed. R. Civ. P. 56(c) (2010 Advisory Committee Notes) ("There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial."). We have recognized that a district court may "disregard" the contents of an affidavit if the affidavit does not comport with Rule 56, rather than striking the affidavit. *Reed v. City of Memphis, Tennessee*, 735 F. App'x 192, 197 (6th Cir. 2018). Further, "any conceivable error in failing to strike the filing [is] harmless." *Id.*

The district court properly determined that the conclusory statements in Mr. Pierce's affidavit did not create a genuine dispute of material fact. A motion to strike was not required and therefore the district court did not err in granting summary judgment even though defendants did not move to strike the affidavit.

AFFIRMED.